O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| TERESA MARIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TARGET CORPORATION; and DOES 1 through 99, inclusive,<br><br>　　　　　Defendants. | Case №. 2:20-CV-3502-ODW (PJWx)<br><br>**ORDER GRANTING MOTION TO REMAND [15]** |

## I. INTRODUCTION

On April 15, 2020, Defendant Target Corporation removed this action from the Los Angeles Superior Court on the basis of diversity jurisdiction. (Notice of Removal ("Notice") ¶¶ 1–5, ECF No. 1.) Now before the Court is Plaintiff Teresa Marin's Motion to Remand on the basis that removal was untimely under 28 U.S.C. § 1446(b). (Mot. to Remand (Mot.), ECF No. 15.) Specifically, Marin argues that Target's thirty-day removal period began to run when Target was served with the Complaint, which alleges that Marin is a California resident. (*See* Mot.) Target argues that its thirty-day removal period did not begin to run until much later, when Marin responded to discovery requests stating that she intended to remain a California resident. (*See*

Opp'n.)  For the reasons that follow, the Court **GRANTS** Marin's Motion.[1]

## II. BACKGROUND

This case arises from Marin's slip and fall while shopping in one of Target's retail stores.  (*See* Notice of Removal, Ex. A ("Compl."), ECF No. 1.)  Relevantly, Marin alleges in her Complaint that she is a "resident" of California.  (Compl. ¶ 2.)  Marin served Target with the Summons, Complaint, and Statement of Damages on December 5, 2019.  (Notice ¶ 3.)  Around March 16, 2020, in response to an interrogatory, Marin stated that she intended to remain at her current residence.  (Opp'n 3, 5.)  Then, on April 15, 2020, Target removed the case to this Court based on diversity of citizenship jurisdiction.  (Notice ¶ 17.)  There is no dispute as to whether complete diversity of citizenship exists or that the amount in controversy exceeds $75,000.  (Reply 2, ECF No. 17.)  Marin moves to remand this action on the sole ground that Target failed to remove the case within the thirty-day removal period set forth in 28 U.S.C. § 1446(a), which she alleges began when Target was served with the Complaint on December 5, 2019.  (Mot. 2.)

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and have subject matter jurisdiction only as authorized by the Constitution and Congress.  U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a).  The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980

---

[1] Having carefully considered the papers filed in connection with the Motion to Remand, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.*

"[A] notice of removal [must] be filed within thirty days of receipt from the plaintiff of an initial pleading or other document from which it is ascertainable that the case is removable." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1124 (9th Cir. 2013) (citing 28 U.S.C. §§ 1446(b)(1) & (b)(3)). Such "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

## IV. DISCUSSION

Marin's Complaint states, "At all relevant times [Marin] was and is an individual who is a resident of the State of California, living in the County of Los Angeles in the State of California." (Compl. ¶ 1.) Marin contends that this statement is sufficient to have placed Target on notice that she is a California citizen for purposes of diversity jurisdiction. (Mot. 2.) Target, on the other hand, asserts that an individual's citizenship is determined by where she is domiciled, and a domicile requires not only residence but also an intent to remain at that residence. (Opp'n 4–5.) Thus, Target argues that its thirty-day removal period began on March 16, 2020, when Marin expressly stated for the first time, through discovery responses, that she intended to remain living at her current residence. (Notice 8; Opp'n 2–3.)

For diversity jurisdiction purposes, an individual's citizenship is determined by where they are domiciled, and an individual's domicile is the location in which "she has established a fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely." *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940); *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986) (internal quotations marks and brackets omitted). Nevertheless, a defendant seeking to remove a case to federal court may rely solely on an allegation of residence in the complaint because "a

person's residence is prima facie evidence of domicile and citizenship." *Lee v. BMW of N.A, LLC*, No. SACV 19-01722 JVS (ADSx), 2019 WL 6838911, at *2 (C.D. Cal. Dec. 16, 2019) (finding allegation in defendant's notice of removal, based only on plaintiff's statement of residence in the complaint, was sufficient to support removal based on diversity jurisdiction); *Coronel v. Ford Motor Co.*, No. CV 19-09841 DSF (JEMx), 2020 WL 550690, at *2 (C.D. Cal. Feb. 4, 2020) (same); *see also Anderson v. Watts*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary . . . .").

Here, as in *Lee* and *Coronel*, Marin clearly states in her Complaint that she is a California resident. (Compl. ¶ 1.) The Court finds the Complaint sufficient to put Target on notice that the case was removable under diversity jurisdiction because Marin's statement of her residence is prima facie evidence of her domicile. *See Lee*, 2019 WL 6838911, at *2; *Coronel*, 2020 WL 550690, at *2.

Moreover, the case on which Target primarily relies, *Ruiz v. Walmart Inc.*, No. CV 20-1129 RAO, 2020 WL 2029976 (C.D. Cal. Apr. 28, 2020), is distinguishable. Target argues that, in *Ruiz*, the Court "denied the plaintiff's motion to remand her action to state court even though her complaint alleged she had been a resident of California." (Opp'n 6–7.) To the contrary, in *Ruiz*, "neither [plaintiff's] citizenship nor residence [we]re pled on the face of the complaint." *Id.* at *3. Rather, the plaintiff in *Ruiz* argued that the defendant had knowledge of her residence based on other documents that she had provided to the defendant. *Id.* The Court explained that whether the plaintiff's California citizenship was substantiated by those other documents was "*moot* because under *Harris*, diversity—or more finely, [Plaintiff's] citizenship—must be established on the face of her pleadings." *Id.* (emphasis added). Indeed, the decision in *Ruiz* turned on a different issue, and the Court there expressly declined to consider the question addressed here.

Thus, based on the Court's finding above, Target's removal period began to run on December 5, 2019, when Target was served with the Complaint. *See* 28 U.S.C.

4

§ 1446(b)(1). Target had until January 6, 2020, to remove this case. *Id.*; Fed. R. Civ. P. 6(a)(1)(C). Yet Target did not remove until April 15, 2020, well beyond this deadline. Consequently, the Court finds that Target's removal was untimely.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Marin's Motion to Remand (ECF No. 15) and **REMANDS** this action to the Superior Court of the State of California, County of Los Angeles, Stanley Mosk Courthouse, 111 N. Hill St., Los Angeles, California, 90014. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

September 9, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

5